UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bryan P.N., | No. 26-cv-39 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Bondi, et al, | |
| Defendants. | |

This matter is before the Court on petitioner Bryan P. N.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Bryan P.N.'s habeas petition in part as set forth below, and seeks additional information from Respondents. The respondents are required to provide Bryan with a bond hearing within seven days of the date of this Order. The Respondents are further required to provide additional information and briefing on one issue by noon on Friday, January 12, 2026.

## Background

Bryan P.N., a citizen of Ecuador, entered the United States without inspection in 2023.[2] He was encountered by Border Patrol in Arizona on December 5, 2023, was given a notice to appear, and was charged with removability. Bryan P.N. was released on an Order of Recognizance. On July 24, 2024, Bryan P.N. was ordered removed from the United States in absentia. The next day he filed a motion to reopen his case, which was granted.

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initial or refers to him as Petitioner.

[2] The Court bases this factual recitation on the averments in the Petition and the information provided by Respondents at ECF 11. The parties appear to agree about the relevant factual and procedural background in this case.

1

Bryan P.N. was then "encountered" in Minneapolis, Minnesota on December 12, 2025, and taken into ICE custody. No warrant of arrest has been submitted, nor any documentation related to Bryan P.N. being placed in custody last month.

Bryan P.N. alleges:

> Respondents will not provide Petitioner with a bond hearing. Respondents assert that the immigration court lacks the jurisdiction to conduct a bond redetermination under 8 U.S.C. § 1226(a), citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

(ECF 1, page 9, ¶ 33) He asserts, and the government does not dispute, that he "has no criminal history that subjects him to mandatory custody under U.S.C. § 1226(c)."

Respondents allege that "Petitioner is subject to mandatory detention," citing 8 U.S.C. § 1225(b)(2).

**A Bond Hearing is Required**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are living in the United States and who entered without inspection. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country, and by many courts in this district. The government does not attempt to distinguish *Belsai D.S.*, instead conceding its relevance to Petitioner's case. Instead the Respondents respectfully suggest that *Belsai D.S.* was wrongly decided. The government points out, correctly, that other courts have ruled differently and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have

considered the issue. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Bryan P.N. or others who are similarly situated, and his mandatory detention is not supported by the law. Instead, he is entitled to a bond hearing under § 1226.

## Propriety of Immediate Release

In addition to seeking a bond hearing, Petitioner alleges that he should be immediately released. Although the Court has previously declined to grant this remedy in similar cases, Petitioner raises a new argument that supports this request. *See* ECF 12. Specifically, Petitioner alleges that the government can only detain him pending a bond hearing pursuant to 8 U.S.C. § 1226(a) if they could demonstrate that he was rearrested pursuant to an administrative warrant. But the government has not claimed to have such a warrant, nor produced one to the Court. As another court in this district recently held "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al*., 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026). Judge Tostrud there concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026)(same).

In this case, unlike *Ahmed* and *Juan S.R.*, this issue was not raised in Bryan P.N.'s petition, nor in the memorandum of law in support of his request for a TRO. Instead, it was raised in his Traverse. [ECF 12, pp. 2-3] Therefore Respondents have not been given a clear opportunity to address this argument. For that reason, the Court will give the government an opportunity, albeit a brief one, to do so.

3

# ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED IN PART,** and remains under advisement in part.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days.

4. The Court further **ORDERS** Respondents to explain why the lack of a warrant as required by § 1226(a) does not require immediate release.  Such a memorandum must be filed by noon on January 16, 2026.  In the absence of such a response, the Court will Order Petitioner's immediate release from custody.

5. Finally, if sooner release is not ordered, the Court **ORDERS** Respondents to file an update with the Court by noon on the eighth day demonstrating that a bond hearing has taken place.

Date: January 14, 2026               *s/Katherine M. Menendez*
                                     Katherine M. Menendez
                                     United States District Judge