UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bryan P. N.,                                    No. 26-cv-39 (KMM/DLM)

        Petitioner,

v.                                                **ORDER**

Pamela Bondi, et al.,

        Respondents.

On January 14, 2026, the Court issued an Order granting in part Petitioner's petition for a writ of habeas corpus and keeping the remainder of the issues raised in the petition under advisement. (Dkt. 13, January 14th Order.) The January 14th Order's findings and conclusions are incorporated herein by reference. In that Order, the Court declared that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoined Respondents from denying release or other relief on the basis that he is subject to such mandatory detention. (*Id.* at 4, ¶ 2.) In granting the petition in part, the Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days. (*Id.* at 4, ¶ 3.)

However, the Court explained that an issue in this case had not become apparent until Petitioner filed his reply. (*Id.* at 3.) As described in the January 14th Order:

> Petitioner alleges that the government can only detain him pending a bond hearing pursuant to 8 U.S.C. § 1226(a) if they could demonstrate that he was rearrested pursuant to an administrative warrant. But the government has not claimed to have such a warrant, nor produced one to the Court. As another court in this district recently held "section 1226 provides that '*on a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud there concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.*

> Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-5 (PJS/LIB) (Order, January 12, 2026) (same).

(*Id.* (brackets omitted).)

Because Respondents had not received an opportunity to address this argument at the time the Court issued the January 14th Order, the Court sought a supplemental response to the petition. The Court gave Respondents an additional opportunity to explain why the lack of a warrant as required by § 1226(a) does not require immediate release, setting a January 16, 2026 deadline for Respondents to do so. (*Id.* at 4, ¶ 4.)

Respondents did not file a response on the deadline or in the several additional days that have passed since. As a result, the Court finds that Respondents have failed to establish the lawfulness of Petitioner's detention or to show cause why the writ should not be granted in this case. (Dkt. 8 (Order to Answer) ¶¶ 1, 2(a).) The Court agrees with the analysis in *Ahmed M.* and *Juan S.R.* regarding the proper remedy in this case. By failing to produce any warrant that might have authorized Petitioner's arrest pursuant to § 1226, and by failing to present any argument that his release is an unwarranted remedy, "Respondents have not identified any valid statutory basis for detention[, so] the remedy is not to supply one through further proceedings." *Ahmed M.*, 2026 WL 25627, at *3 (quoting *Velat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6).

Therefore, based on the foregoing, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. The Court's January 14, 2026 Order is **VACATED** to the extent that it requires Respondents to provide Petitioner with a bond hearing because the Court has determined that immediate release is the proper remedy in this matter.

2. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

3. The Court **ORDERES** Respondents to immediately release Petitioner. If the Petitioner is on conditions of release from a previous Order, those conditions remain in effect.

4. Finally, the Court ORDERS Respondents to file notice on the docket within 24 hours of Petitioner's release, confirming that the release has occurred.

**Let Judgment be entered accordingly**.

Date: January 21, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
